**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINTEZ TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:21-CV-298 |
| | ) | |
| KERRI MOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are the objections by *pro se* Plaintiff Quintez Talley (Docket No. 7), to the March 18, 2021, Report and Recommendation of Chief United States Magistrate Judge Cynthia Reed Eddy, (Docket No. 4), which recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) be granted, in part, and denied, in part. Specifically, Chief Magistrate Judge Eddy recommended that Talley be granted IFP status as to his claims challenging the DOC's alleged inadequate policies and practices regarding fire safety in the RHU cells under the imminent danger exception to the "three strikes" rule but that he did not meet the imminent danger exception with respect to his remaining claims and recommended that these claims be dismissed, without prejudice, to be reasserted if he pays the appropriate filing fee. (Docket No. 4). Talley objects to the Chief Magistrate Judge's recommendation that he has "three strikes" under § 1915(g) and argues that a case where the Court ordered "dismissal on one or more grounds covered by section 1915(g) but declines to exercise supplemental jurisdiction over the prisoner's state law claims" does not constitute a "strike." (Docket No. 7). Talley adds that this issue is presently being litigated in one of his pending appeals, *Talley v. Wetzel*, Appeal

1

No. 19-3055 (3d Cir. 2019), and that additional appeals he has filed have been stayed pending the disposition of same.  (Docket No. 7).  Talley does not object to the Chief Magistrate Judge's recommendation that his claims related to fire safety in RHU cells be permitted to proceed but asks that the Court overrule the part of the Report and Recommendation denying his IFP status or to hold the case in abeyance pending the Third Circuit's disposition of *Talley v. Wetzel*, Appeal No. 19-3055.

In light of Talley's objections, the Court has conducted its *de novo* review of this matter, and further reviewed the three cases cited as "strikes" by the Chief Magistrate Judge in her Report and Recommendation, the briefs filed in *Talley v. Wetzel*, Appeal No. 19-3055 addressing the DOC's objection to his motion for IFP on appeal in that matter and the other federal cases that Talley has brought in the U.S. District Courts for the Eastern, Middle and Western Districts of Pennsylvania. All told, the Court reviewed the disposition of 48 cases Talley filed in the District Courts to determine if he had accrued "three strikes" where dismissals were ordered on grounds covered by § 1915(g) but did not also dismiss claims for lack of supplemental jurisdiction.  After careful consideration of all of these matters, the Court concludes that Talley has accrued at least "three strikes" as the following cases resulted in dismissals covered by § 1915(g) of all claims he asserted (state and federal) and did not decline to exercise supplemental jurisdiction over any claims:

(1) *Quintez Talley v. Varner, et al.*, No. 17-0965 (M.D. Pa.) (complaint dismissed on 3/28/2019 for failure to state a claim; CTA3 Appeal No. 19-1824, judgment affirmed 11/12/2019);

    (2) *Quintez Talley v. Pillai et al.*, No. 18-1060 (W.D. Pa.) (complaint dismissed on 12/9/2019 for failure to state a claim; CTA3 Appeal No. 20-1013 stayed); and,

    (3) *Quintez Talley v. Griesmer et al.*, No. 19-1587 (E.D. Pa.) (complaint dismissed 11/5/2019; CTA3 Appeal No. 19-3796 stayed).

The Supreme Court has held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S.Ct. 1763 (2015). Hence, the fact that appeals are pending in two of these matters does not preclude them from counting as "strikes" here. *Id.* Given that Talley has at least three prior cases qualifying as "strikes" which did not include an order declining to exercise supplemental jurisdiction over state law claims, the Court will overrule his objections and adopt the part of the Report and Recommendation denying his IFP status as to his claims not meeting the imminent danger exception.

    With that said, the Court also finds that the following cases where courts dismissed Talley's federal claims on statutorily enumerated grounds and declined to exercise supplemental jurisdiction over his state law claims continue to constitute "strikes," absent a ruling from the Court of Appeals to the contrary:

    (4) *Quintez Talley v. Clark et al.*, Civ. A. No. 18-5315 (E.D. Pa.) (federal claims dismissed 8/5/19 and declined supplemental jurisdiction over state law claims; CTA3 Appeal No. 19-3078 stayed);

    (5) *Quintez Talley v. Pa. Dept. of Corrections et al.,* Civ. A. No. 19-1589 (E.D. Pa.) (federal claims dismissed 8/27/19 and declined supplemental jurisdiction over state law claims; CTA Appeal No. 19-3080 stayed);

(6) *Quintez Talley v. Pa Dept. of Corrections et al.*, Civ. A. No. 19-1687 (E.D. Pa.) (federal claims dismissed 11/14/19 and declined supplemental jurisdiction over state claims; CTA3 Appeal No. 19-4005 stayed);

(7) *Quintez Talley v. Supreme Court of PA*, Civ. A. No. 17-1632 (M.D. Pa.) (federal claims dismissed 10/23/19 and declined supplemental jurisdiction over state claims; CTA3 Appeal No. 19-03581 stayed);

(8) *Quintez Talley v. Wetzel et al.*, Civ. A. No. 18-0868 (M.D. Pa.) (federal claims dismissed 8/23/19 and declined supplemental jurisdiction over state claims; CTA3 Appeal No. 19-3055 pending);

(9) *Quintez Talley v. Wetzel et al*., Civ. A. No. 18-0992 (M.D. Pa.) (federal claims dismissed 9/1/20 and declined supplemental jurisdiction over state claims; CTA3 Appeal No. 20-2905 stayed);

(10) *Quintez Talley v. Pa Dept. of Corrections, et al.,* Civ. A. No. 18-1685 (W.D. Pa.) (federal claims dismissed 5/3/19 and declined supplemental jurisdiction over state claims; CTA3 Appeal No. 19-2074 affirmed 12/23/19; cert. denied);

(11) *Quintez Talley v. Mazzocca*, Civ. A. No. 19-161 (W.D. Pa.) (federal claims dismissed 5/8/19 and declined supplemental jurisdiction over state claims; CTA3 Appeal No. 19-2309 affirmed; cert denied); and,

(12)  *Quintez Talley v. Pa. Dept. of Corrections, et al.*, Civ. A. No. 19-308 (W.D. Pa.) (federal claims dismissed 6/5/20; CTA3 Appeal No. 20-2240 stayed)

To conclude, the Court holds that Talley has accrued twelve (12) strikes and that at least three (3) of those strikes resulted from the dismissal of all claims (state and federal) that he had asserted on

statutorily enumerated grounds covered by § 1915(g) without an accompanying order declining to exercise supplemental jurisdiction over state law claims. The Court further notes that the Court of Appeals' disposition of the DOC's objections to Talley's IFP motion in Appeal No. 19-3055 would not change this Court's analysis of the number of strikes he has accrued because the DOC raised only seven of Talley's prior cases and the amicus brief filed on Talley's behalf responded to the specific objections lodged by the DOC. To reiterate, this Court has now reviewed all of Talley's federal cases which were dismissed prior to his filing of the instant case on March 4, 2021 in reaching its conclusions. Accordingly,

IT IS HEREBY ORDERED that Talley's Objections [7] are OVERRULED and his request to hold this case in abeyance is DENIED, as moot;

IT IS FURTHER ORDERED that the Report and Recommendation of the Chief Magistrate Judge, dated March 18, 2021, [4] is ADOPTED as the Opinion of the Court, as supplemented by the additional findings in this Memorandum Order;

IT IS FURTHER ORDERED that Talley's Motion for Leave to Proceed in forma pauperis [1] is GRANTED, IN PART, and DENIED, IN PART. Said Motion is granted to the extent that Talley is granted IFP status for the limited purpose of resolving his claims alleging inadequate policies and practices regarding fire safety in the RHU. Said Motion is denied as to the remainder of Talley's claims, all of which are DISMISSED, without prejudice, to Talley reasserting them by paying the full statutory and administrative filing fees of $402.00; and,

IT IS FURTHER ORDERED that this case is referred back to Chief Magistrate Judge Cynthia Reed Eddy for further pretrial proceedings.

/s *Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

5

Dated:          April 23, 2021

cc/ecf:         Honorable Cynthia Reed Eddy
                Chief United States Magistrate Judge

                QUINTEZ TALLEY
                KT 5091
                SCI Fayette
                48 Overlook Drive
                LaBelle, PA 15450-0999
                (via U.S. First Class Mail)

6