IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| QUINTEZ TALLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN E. WETZEL, TRAVIS NAPP, ROBERT MCSURDY, AND PA DEPT. OF GENERAL SERVICES,<br><br>        Defendants. | Civil Action No. 2:21-cv-00298-CBB<br><br>United States Magistrate Judge Christopher B. Brown |

**MEMORANDUM ORDER DENYING MOTION FOR AN INDICATIVE RULING ON A MOTION FOR RELIEF THAT IS BARRED BY A PENDING APPEAL, ECF NO. 45**

Plaintiff, Quintez Talley, has moved for an indicative ruling under Federal Rule of Civil Procedure 62.1(a). ECF No. 45. Specifically, Talley requests an indicative ruling from this Court that it would reconsider the Memorandum Order entered on April 23, 2021, in which the Court determined Talley had accrued three strikes under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), ECF No. 8, because several of the case dismissals the Court relied on have subsequently been found by the Court of Appeals for the Third Circuit not to constitute a strike.[1] Talley requests the Court to "provide him with an 'indicative ruling,' pursuant to Fed. R. Civ. P. 62.1, informing the clerk of the Third Circuit that it would be willing

---

[1] *See Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021), and *Talley v. Pillai*, 116 F.4th 200 (3d Cir. 2024).

1

to correct it's (sic) previous 'mistake' (holding that Talley was a 'three-strike' litigant')." ECF No. 45 at 3.

For the reasons below, the Court concludes that under the circumstances of this case is it not appropriate to issue an indicative ruling and therefore the motion requesting one is denied.

**A.      Background**

Because the Court writes for the benefit of the parties, only the essential background of this litigation is recounted.

Talley, a serial *pro se* prison litigator,[2] initiated this action on March 4, 2021, by filing an IFP motion, with an attached seventeen-page typewritten Complaint. ECF No. 1.  The case was originally assigned to Chief Magistrate Judge Cynthia Reed Eddy.  Due to Judge Eddy's retirement, the case was reassigned to the undersigned.

The Complaint raised certain claims alleging Talley was currently in danger of suffering physical injury (the "imminent danger claims").  These claims included allegations about DOC's alleged inadequate policies and practices regarding fire safety in the RHU cells.  Namely, that the DOC has a custom of ensuring that "RHU inmates are housed in cells not equipped with fire sprinklers, in direct violation of Pennsylvania's fire safety mandate." ECF No. 10, ¶ 59.

---

[2] Talley has filed lawsuits in all three federal district courts in Pennsylvania and the Court of Appeals for the Third Circuit, as well as in Greene County and Centre Counties.  PACER reflects that he has brought more than 50 cases in federal district courts, and "more than three dozen cases since 2019" in the Court of Appeals for the Third Circuit. *Talley v. PA Dept. of Corrections*, No. 20-1278, n.1 (3d Cir. 9/10/2024) (per curiam) (non precedential).

The Complaint also raised a number of claims which did not provide a basis for an imminent danger determination. Specifically, the Complaint contained allegations about events which occurred in 2019, such as a cell extraction, having to be treated at an outside hospital for smoke inhalation, being placed in a hard cell as punishment rather than being placed in a Psychiatric Observation Cell, having his stability code downgraded, being issued a misconduct, and the improper denial of his grievance (the "non-imminent danger claims").

On April 23, 2021, Talley's IFP motion was granted in part and denied in part based on the Court's determination that Talley had accrued at least three strikes under the PLRA. ECF Nos. 4 and 8.[3] Talley was granted IFP status for the limited purpose of resolving the imminent danger claims and denied IFP status on the non-imminent claims. *Id.* The case was then referred back to Judge Eddy for further pretrial proceedings on the imminent danger claims.

In lieu of filing an Answer, Defendants filed a Motion to Dismiss in which they argued Talley had failed to exhaust his administrative remedies on his imminent danger claims. ECF No. 16. The Court notified the parties the motion would be converted into a motion for summary judgment under Federal Rule of

---

[3]   Chief Magistrate Judge Eddy filed a Report and Recommendation ("R&R") on March 18, 2021, ECF No. 4. On April 23, 2021, District Judge Nora Barry Fischer overruled Talley's objections to the R&R, ECF No. 7, adopted as the Opinion of the Court the R&R, and granted Talley's IFP motion to the extent he was granted IFP status for the imminent danger claims, and denied the IFP motion as to the non-imminent danger claims. The non-imminent danger claims were dismissed without prejudice to Talley reasserting them by paying the full statutory and administrative fees of $402.00. ECF No. 8.

3

Civil Procedure 56. ECF No. 23.[4] On February 7, 2022, summary judgment was granted on all claims which related to DOC's practices and policies regarding the fire safety in the RHU cells based on Talley's failure to exhaust administrative remedies. ECF Nos. 38 and 39.  A Judgment Order was entered that day. ECF No. 40.

Talley filed a Notice of Appeal on February 16, 2022, stating, he

> appeals to the United States Court of Appeals for the Third Circuit any and all orders, judgments, and parts therefrom preceding Chief Magistrate Judge Cynthia Reed Eddy's February 7, 2022 Judgment in this action. See ECF. No(s). 38 and 39.  This includes, but is not limited to:  ECF(s). No. 4, 8, and 9.

ECF No. 41.  The appeal was docketed at USCA Case Number 22-1307 and remains pending.  As recently as November 6, 2024, Talley filed in his appeals case an "Argument in Support of Appeal" asking the appellate court to reverse the District Court's decision which found Talley had accrued at least three strikes under the PLRA and, therefore, should be able to proceed with his non-imminent danger claims. CTA3 No. 22-1307, Document 28.[5]  Two days later, on November 8, 2024, Talley filed the instant request for an indicative ruling in this case arguing the same. ECF No 45.

---

[4]   Prior to ruling on the motion, the parties consented to jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636. ECF Nos. 28 and 30.

[5]   Talley also requests the Court of Appeals to reverse and vacate the District Court's decision granting summary judgment.  CTA3 No. 22-1307, Document 28.

B.  **Legal Standard**

Once a notice of appeal is filed, jurisdiction is no longer vested in the district court. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994). However, Federal Rule of Civil Procedure 62.1 allows a district court to issue an indicative ruling on a motion when ruling on such motion is barred by a pending appeal. Fed.R.Civ.P. 62.1. "[T]he purpose of Rule 62.1[a] is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it could rule on a motion made after the district has been divested of jurisdiction." *Harper v. Charter Communications, LLC*, No 2:19-cv-00902, 2024 WL 3901469, *1 (E.D. Cal. Aug. 22, 2024) (quoting *Amarin Pharms. Ir. Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015).

Rule 62.1 establishes a procedure for indicative rulings by the district court regarding matters which are currently pending appeal. The rule provides, in pertinent part, as follows:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ 62.1(a). "A district court's decision to make an indicative ruling is discretionary." *Rabang v. Kelly*, No. C17-0088-JCC, 2018 WL 1737944, at *2 (W.D.

Wash. Apr. 11, 2018). Courts construing motions for indicative rulings under Rule 62.1 have rarely found such rulings to be helpful to the court of appeals. *See Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). Instead, courts have acknowledged, consistent with the language of the rule itself, that in the exercise of its authority under Rule 62.1, "[t]he district court may defer or deny the motion." *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1297 (11th Cir. 2014).

**C.     Discussion**

As stated above, Talley's pending appeal raises two issues, one of which is the very same issue on which the instant motion is premised. "[Talley] has thus placed the same issue in front of two courts at the same time." *Adams v. Kijakazi*, Civil No. 7:19-88, 2022 WL 987337, *2 (E.D. Ky. Mar 31, 2022) (quoting *United States v. All Assets Held in Account No. 80020796*, Civil Action No. 13-1832, 2017 WL 6886092, *2 (D.D.C. Nov. 15, 2017) (deferring consideration of Rule 62.1 motion until appeal concluded). In *Retirement Board of Policemen's Annuity & Benefit Fund,* the district court concluded that an indicative ruling would be improper, explaining as follows:

> [T]here is little indication the drafters of [Rule 62.1] intended it to be used in this manner: to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals. In effect, Plaintiffs are requesting this Court to inform the Second Circuit it believes its own opinion should be reversed. Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity . . . . But an indicative ruling on the very issue on appeal only interrupts the appellate process.

6

297 F.R.D. at 221. The court further observed that "[u]nlike a Rule 60(b) motion, where the appellate court benefits from the district court's evidentiary assessments, the legal question at issue here is reviewed de novo by the court of appeals. The Second Circuit needs no help deciphering the meaning of its own decision." *Id.* at 222 (citing *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010)).

Likewise, in *Amarin Pharm. Ireland Ltd. v. FDA*, 139 F. Supp. 3d 437, 447–48 (D.D.C. 2015), the court declined to issue an indicative ruling on an issue that was raised in a pending appeal and a Rule 62.1 motion, reasoning:

> "When appellate jurisdiction is at stake, what matters is the appellate court's assessment of finality, not the district court's . . . ." *Franklin v. District of Columbia*, 163 F.3d 625, 630 (D.C.Cir. 1998). Nothing in Rule 62.1, moreover, changes this rule or invites district courts to opine on questions of appellate jurisdiction. Rather, the purpose of Rule 62.1 is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it would rule on a motion made after the district court has been divested of jurisdiction. Where a district court concludes, for example, that newly discovered evidence warrants vacatur of a judgment that is already on appeal, the court can issue an indicative ruling, thereby allowing the court of appeals to remand the matter to the district court and obviating the need for the appeal. *See Retirement Bd. of the Policemen's Annuity and Benefit Fund v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y.2013); *see also* Fed. R. Civ. P. 62.1 advisory committee's note. "But an indicative rule on the very issue on appeal" would not promote judicial efficiency or fairness; to the contrary, it would "only interrupt[ ] the appellate process." *Retirement Bd.*, 297 F.R.D. at 221. Rule 62.1 was not meant to authorize the district court to provide unsolicited advice to the court of appeals on an issue of

> appellate jurisdiction. Here, rather than aiding the Court
> of Appeals in its consideration of the pending motions to
> dismiss Watson's appeal, an indicative ruling on the D.C.
> Circuit's appellate jurisdiction would do just what the
> filing of a notice of appeal is designed to avoid; it would, to
> borrow Judge Posner's words yet again, get "the district
> court and the courts of appeals" in "each other's hair."
> *Jones,* 768 F.2d at 931 (Posner, J., concurring).

139 F. Supp.3d at 447–48.

And the court in *Medgraph, Inc. v. Medtronic*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015), applied similar reasoning. There, the district court granted summary judgment in favor of the defendant on the plaintiff's patent infringement claim and the plaintiff appealed. *Id.* at 209-210. While the appeal was pending, the Federal Circuit issued a decision in a different case ("*Akamai*") that cast doubt on the district court's reasoning and the plaintiff brought a motion for an indicative ruling under Rule 62.1. *Id.* The court found that it would not be appropriate to issue an indicative ruling, reasoning:

> This is not a case involving newly discovered evidence or
> some inadvertence or mistake at the district court level, of
> which the appellate court would presumably be unaware.
> The issue here centers on the effect of the Federal
> Circuit's most recent decision in *Akamai* on this Court's
> prior ruling in Medtronic's favor. The Court of Appeals
> does not need this Court's advice or opinion on that issue.

*Id.* at 211 n.2. *See also Han Tak Lee v. Cameron*, No. 4:08-CV-1972, 2015 WL 1000231, at *6 (M.D. Pa. Mar. 5, 2015) (denying without prejudice a motion for indicative ruling because "the court of appeals is already fully conversant with the issues . . , [the district court's] views [had] been fully articulated in [its] prior rulings, . . and the appellate court may always remand this matter to [the district

8

court] for an indicative ruling if the court of appeals deems such a ruling to be helpful").

Here, Talley's request for an indicative ruling is based on two precedential decisions by the Court of Appeals, both decided after this Court made its three-strike determination. *See Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021), and *Talley v. Pillai*, 116 F.4th 200 (3d Cir. 2024). According to Talley, these decisions have the effect of him not having "three strikes" in federal court when this case was filed.[6] Notably, this is the exact issue raised in Talley's pending appeal. And similar to the issue in the *Medgraph* case, this is not a situation where this Court made a mistake in its three-strikes determination. Rather, the issue here centers on the effect of the intervening appellate decisions in *Talley v. Wetzel* and *Talley v. Pillai* on this Court's prior ruling.

Therefore, the Court finds that an indicative ruling in this case would neither obviate the need for Talley's appeal nor assist the Court of Appeals for the Third Circuit with deciding the two issues before it. Additionally, the Court finds that an indicative ruling would not promote judicial economy but would needlessly interfere with appellate jurisdiction. *See Ret. Bd. of Policemen's Annuity*, 297 F.R.D. at 221.

**D.   Conclusion**

For these reasons, the Court will deny Talley's motion. If the Court of Appeals for the Third Circuit remands the case, Talley will be free to move for

---

[6]   Talley has been deemed a three strikes abusive litigant in state court. *See Talley v. Lacotta*, Civ. Act. No. 2:22-cv-1663, USDC, Western District of Pennsylvania. ECF No. 33-1.

9

reconsideration or other relief under Rule 60(b), provided such relief is not precluded by the Court of Appeals' remand.

## ORDER

**AND NOW**, this 6th day of December, 2024, it is hereby **ORDERED** that the Motion for an Indicative Ruling, ECF 45, is **DENIED**.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc: QUINTEZ TALLEY
KT5091
SCI Camp Hill
2500 Lisburn Road
P. O. Box 8837
Camp Hill, PA 17001
(via U.S. First Class Mail)

Justin A. Gayle
PA Office of Attorney General
(via ECF electronic notification)